UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUZANNE RENEE
MURRAY-LEE,

        Plaintiff,

v.                                    Case No. 2:22-cv-321-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## OPINION AND ORDER[1]

### I. Status

Suzanne Renee Murray-Lee ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of depression, diabetes, tinnitus, back pain, neuropathy, an over-active bladder, hearing loss, and high cholesterol. Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed August 18, 2022, at 90-91, 107, 299. Plaintiff protectively filed an

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed August 18, 2022; Reference Order (Doc. No. 15), entered August 22, 2022.

application for DIB on July 17, 2020, alleging a disability onset date of May 20, 2020.[2] Tr. at 283-86; see also Tr. at 42 (Plaintiff's counsel confirming the alleged onset date). The application was denied initially, Tr. at 90-104, 105, 137-49, 150-51, 153-54, and upon reconsideration, Tr. at 106-29, 130, 156-75, 176, 179.[3]

On August 17, 2021, an Administrative Law Judge ("ALJ") held a hearing,[4] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 35-69. On August 25, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-28.[5]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 279-82 (request for review), 408-11, 412-15 (brief and corrected brief). On March 18, 2022, the Appeals Council denied Plaintiff's

---

[2] Although actually completed on July 31, 2020, see Tr. at 283, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as July 17, 2020, see, e.g., Tr. at 90, 107.

[3] Some of these cited records are duplicated in the administrative transcript.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 38, 202-15, 218-19.

[5] The administrative transcript also contains an ALJ decision dated May 19, 2020 that adjudicated an earlier-filed DIB claim. Tr. at 73-82. That decision is not at issue in this appeal.

request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On May 19, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in 1) determining Plaintiff "is able to perform her past work despite the evidence that she is able to work only jobs which allow for a sit-stand option"; 2) finding Plaintiff's "consistent and well-documented mental impairments cause only 'mild' limitations in her ability to work"; and 3) finding that Plaintiff's "urinary tract infection disorder has resolved." Plaintiff's Memorandum of Law (Doc. No. 18; "Pl.'s Mem."), filed October 17, 2022, at 4, see id. at 4-21. On January 13, 2023, Defendant filed a Memorandum in Support of the Acting Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") responding to Plaintiff's arguments. Then, as permitted, Plaintiff on February 21, 2023 filed Plaintiff's Reply to Defendant's Memorandum in Support of the Acting Commissioner's Decision (Doc. No. 24; "Reply").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of whether Plaintiff can perform her past relevant work in light of the evidence pertaining to her need for a sit/stand option. On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issues on appeal.

For this reason, the Court need not address the parties' arguments on those matters. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart,

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based upon his findings at that step. See Tr. at 17-28. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 20, 2020, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar degenerative disc disease, bilateral hip degenerative joint disease, neuropathy, bilateral ankle degenerative joint disease, urinary tract infection (UTI), varicose veins, obesity, and hearing deficits." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can perform] sedentary work as defined in 20 CFR [§] 404.1567(a) except [Plaintiff] is able to occasionally climb stairs and ramps, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequent fingering bilaterally; occasional operation of foot controls bilaterally; limited

>   to work that could be performed on even terrain and non-slippery surfaces; occasional exposure of no more than moderate levels of wetness; limited to a noise environment that does not exceed SCO level three as defined by the SCO (moderate); no exposure to hazards such as unprotected moving mechanical parts or unprotected heights; and no commercial driving.

Tr. at 23 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as an office manager as generally performed in the national economy." Tr. at 27 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from May 20, 2020, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred in finding she "is able to perform her past relevant work despite the evidence that she is able to work only jobs which allow for a sit-stand option." Pl.'s Mem. at 4. More particularly, Plaintiff focuses on the direction of her treating nurse practitioner, Rae High, ARNP, that she needs to "change her position often and . . . not sit too long." Tr. at 900; see Pl.'s Mem. at 6. According to Plaintiff, the ALJ improperly rejected this opinion. Pl.'s Mem. at 6-7. Had the ALJ accepted the opinion and included a sit/stand option in the RFC and hypothetical to the VE, argues Plaintiff, then the result would have been different because the VE testified that a need for a sit/stand option at

fifteen-minute intervals would preclude the performance of Plaintiff's past relevant work. Id. at 4-5.

Responding, Defendant contends the ALJ correctly rejected Ms. High's direction about the changing position and not standing too long. Def.'s Mem. at 5-13. Defendant argues that the direction does not qualify as a "medical opinion" under the governing Regulations. Id. at 11-12. Defendant also asserts the ALJ correctly evaluated the evidence in determining Plaintiff is not as limited as she alleges, including the opinions of two state-agency reviewing physicians. Id. at 7-10. Defendant further contends the ALJ was correct to find Ms. High's direction was vague and not quantified or expressed in vocationally relevant terms. Id. at 10.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the

"ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical condition, including judgments about the nature and severity of [a claimant's] impairments, [a claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and

---

[7] Plaintiff filed her DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

(5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, as previously summarized, Ms. High directed that Plaintiff "needs to change her position often and [cannot] sit too long." Tr. at 900; see also Tr. at 526, 632, 904, 919. The ALJ wrote:

> The undersigned is not persuaded by the opinion of Rae Ann High, ARNP, who opined [Plaintiff] is to change positions often and not sit too long. The opinion is not quantified, it is vague, and is not expressed in vocationally relevant terms. A change of positions can mean anything from having to alternate posture from sit-to-stand or to adjust body positioning while when seated. Similarly, the term "too long" is vague. Furthermore, the evidence, as a whole does not support the need to alternate postures in a sedentary occupation beyond standard breaks.

Tr. at 27 (citation and footnote omitted). Although the ALJ correctly observed that the term "too long" is not quantified and could be vague, the ALJ did not provide adequate and supported reasons for discounting the entirety of Ms. High's direction in this regard. Moreover, there is relatively consistent evidence in the administrative transcript supporting the contention that Plaintiff can

only sit for fifteen minutes at a time, which is the amount of time that the VE testified would preclude performance of Plaintiff's past relevant work. Because this issue is outcome determinative, the matter is due to be reversed and remanded for further consideration.

To start, although Defendant now argues Ms. High's direction was not a "medical opinion" as defined in the Regulations, the ALJ found that it was. See Tr. at 27. Further, Ms. High's directive is a comment on the "ability to perform physical demands of work activities," 20 C.F.R. § 404.1513(a)(2), because, if accepted, Plaintiff would require some sort of a sit/stand option in her RFC. The ALJ found Ms. High's directive was not provided in "vocationally relevant terms," Tr. at 27, but the ALJ at the same time accepted most of another opinion that was not expressed in vocationally relevant terms, see Tr. at 26 (addressing James C. Owen, M.D.'s examining opinion).

More problematic is the ALJ's ultimate conclusion that the evidence "does not support the need to alternate postures in a sedentary occupation beyond standard breaks." Tr. at 27. To the contrary, the record contains consistent reports and documentation of Plaintiff being able to sit only fifteen minutes at a time: precisely the interval that the VE testified would preclude Plaintiff's past relevant work. Compare Tr. at 64 (VE's testimony), with, e.g., Tr. at 53 (Plaintiff testifying about how long she can sit), 752-54 (report of examining physician Dr. Owen, that Plaintiff has "intermittent sharp pains particularly

when she sits down for prolonged period" and can sit for "15 minutes" at a time). Even the non-examining opinions upon which the ALJ partially relied for the physical RFC finding document and seemingly accept that Plaintiff can only sit for fifteen minutes at a time. See Tr. at 98-103, 102 (physical RFC opinion by Paul Sporn, M.D., noting that Plaintiff "is unable to sit or stand for more than 15 minutes"), 120-27, 126 (physical RFC opinion by Robert Nuss, M.D., noting same). For these reasons, the matter must be reversed and remanded for reconsideration of whether Plaintiff needs a sit/stand option[9] (including Ms. High's directive on this point), and whether Plaintiff can perform her past relevant work.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider whether Plaintiff needs a sit/stand option (including Ms. High's relevant directive) and whether Plaintiff can perform past

---

[9] The undersigned notes, as did the ALJ, see Tr. at 27 n.1., that the VE testified a person needing a thirty-minute (as opposed to fifteen-minute) sit/stand interval could perform Plaintiff's past relevant work, see Tr. at 66. But the evidence cited supports a fifteen-minute interval.

- 13 -

relevant work;

(B) If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 15, 2023.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record