**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

SUZANNE RENEE
MURRAY-LEE,

      Plaintiff,

v.                                                                 Case No. 2:22-cv-321-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.
_____

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 27; "Motion"), filed December 14, 2023, and 55 pages of attached supporting documentation (Doc. No. 27-1 through 27-19). Plaintiff seeks an award of attorneys' and paralegal fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,511.95 and reimbursement of the filing fee in the amount of $402.00. Motion at 1, 3, 8. Defendant does not oppose the relief requested. Id. at 2.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff's counsel indicates a total of 39.6 hours were expended in the representation of Plaintiff before the Court: 23 hours by counsel of record Suzanne Harris (22.7 hours in 2022 and 0.3 hours in 2023); 6.4 hours (in 2023) by counsel Kaelin Richard, who is admitted to this Court's bar but is not counsel of record; 4.9 hours by attorneys who are not admitted to this Court's bar and are not counsel of record; and 5.3 hours by paralegals. Motion at 4-6; see Time Ledgers (Doc. Nos. 27-1 through 27-14). Plaintiff requests an hourly rate of $232.67 for Ms. Harris in 2022, $241.15 for Ms. Harris and Ms. Richard in 2023, $125 for the attorneys who are not admitted and are not counsel of record, and $75 for the paralegals. Motion at 6-7.[2]

As to the rate for counsel who are members of the Court's bar, Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in

---

[2] Adding these numbers totals more than the ultimate $7,511.95 requested for fees, but the parties evidently have settled upon this amount. See Motion at 7 ("Settled Amount = $7,511.95").

inflation does justify a proportionate increase in attorney's fees.[3] Further, the number of hours expended is reasonable.

With respect to the hourly rate requested for the attorneys who are not counsel of record and are not members of the Court's bar, the Court finds an hourly rate of $125.00, as well as the hours expended by these attorneys, are reasonable. See, e.g., Goodman v. Comm'r of Soc. Sec., No. 3:17-cv-1127-J-PDB, 2019 WL 1763205, at *5 (M.D. Fla. Apr. 22, 2019) (unpublished) (finding rate of $125.00 to be a reasonable rate for non-admitted attorneys); Marcum v. Kijakazi, Case No. 3:19-cv-959-JRK, 2021 WL 3190545, at *2 (M.D. Fla. July 28, 2021) (same).

As to the paralegal rate, the United States Court of Appeals for the Eleventh Circuit has recognized that paralegal time is recoverable under the EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis, quotation, and citation omitted). Under the EAJA, the calculation of fees awarded must be "based upon prevailing market rates for the kind and quality of services furnished. . . ." 28 U.S.C. § 2412(d)(2)(A). The undersigned

---

[3] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited March 27, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

finds that the work performed is traditionally performed by an attorney, $75.00 per hour for paralegal services in this locality is reasonable, and the hours expended were reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. Affirmation and Waiver of Direct Payment of EAJA Fees (Doc. No. 27-16). Regarding the assignment, Plaintiff represents the following: "If the United States Department of Treasury determines that Plaintiff owes no debt that is subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney." Motion at 7-8.

Finally, Plaintiff requests reimbursement of $402.00 in costs expended for the filing of the Complaint (Doc. No. 1). Motion at 1, 8, Ex. O (Doc. No. 27-15; documentation of payment). Defendant does not oppose this request, and the Court finds it to be appropriate. See 28 U.S.C. §§ 1920, 2412(a)(1).

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 27) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorneys' (and paralegal) fees in the amount of

4

$7,511.95 pursuant to 28 U.S.C. § 2412(d), and for costs in the amount of $402.00.

    3.    The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2024.

                                                        JAMES R. KLINDT
                                        United States Magistrate Judge

kaw
Copies to:
Counsel of Record